DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY.

JUNE TERM, 1910.

---

ISABELLA S. FISHBLATT, PLAINTIFF IN ERROR, v. AT-
LANTIC CITY, DEFENDANT IN ERROR.

Submitted July 11, 1910—Decided November 14, 1910.

1. In "An act relative to the writ of *certiorari*" (*Pamph. L.* 1903, *p.* 344), the fifth section permits a single justice of the Supreme Court to hear the argument of the *certiorari* if the notice be given within fifteen days after reasons filed, although the date of the argument may be after the fifteen days have expired.
2. The following title of the act found in *Pamph. L.* 1894, *p.* 146, viz.: "An act to enable cities in this state, located on or near the ocean, and embracing within their limits or jurisdiction any beach or ocean front, to open and lay out a public park or place for public resort or recreation, on and along the beach or ocean front of such city, and to purchase or condemn lands, property and property rights therefor, and to preserve the same from obstruction or encroachment," fairly expresses an object that includes the establishment of a park lying wholly on the ocean-ward side of high-water mark, if the limits of the city so far extend.

---

On error to the Supreme Court, whose opinion is reported in 49 *Vroom* 134.

For the plaintiff in error, *Thompson & Cole.*

For the defendant in error, *Gilbert Collins* and *Harry Wootton.*

The opinion of the court was delivered by

PITNEY, CHANCELLOR. The judgment of the Supreme Court that is here under review affirmed an ordinance of Atlantic City that was brought before that court by *certiorari.* The argument was had before Justice Trenchard alone, pursuant to section 5 of "An act relative to the writ of *certiorari*" (*Pamph. L.* 1903, *p.* 344). His opinion is reported in 49 *Vroom* 134.

The section referred to contains a proviso that "If the action be not noticed for argument before a justice at chambers within fifteen days after reasons filed, the hearing shall be before the Supreme Court as heretofore."

We agree with Justice Trenchard that the proviso permits a single justice to hear the argument if the notice be given within the fifteen days, although the date of the argument may be after the fifteen days have expired.

Whether the objection of the plaintiff in error to the decision of the cause below by a single justice, if the objection were well taken, would furnish a ground for reversal of the judgment, is a matter concerning which we express no opinion.

Upon the merits, the principal contention of plaintiff in error in this court is that Atlantic City possesses no legal power to establish a park, in aid of which the bond issue under review is proposed to be made; the insistment being that the act authorizing such parks (*Pamph. L.* 1894, *p.* 146) is unconstitutional because its object is not expressed in its title, as required by article 4, section 7, paragraph 4 of the constitution.

This court has sustained the act against constitutional objections of a somewhat different character. *Seaside Realty Co.* v. *Atlantic City,* 47 *Vroom* 819; *affirming, S. C.,* 45 *Id.* 178.

The point now taken is that the body of the act provides for the establishment of a park lying wholly on the ocean-ward side of high-water mark, and it is insisted that the title does not suggest a public park in the ocean, but, on the contrary, one limited to the beach between high and low-water mark and the land lying above high-water mark.

We agree with the view of counsel as to the scope of the body of the act. Section 2 provides in terms that the "interior or inland line (of the park) shall not be established further inland than ordinary high-water mark along such beach or ocean front, and may extend along the same within the limits of such city," &c. Section 3 authorizes the acquisition of lands between the interior line so established and the exterior line established by the state riparian commissioners. Section 4 authorizes the construction and maintenance of an elevated public walk along the interior line of the park and extending not more than one hundred feet towards the ocean. And section 6 declares it to be the intention that the view of the ocean from the interior line of the park, and from the elevated public walk, shall be open and unobstructed.

The title of the act is as follows: "An act to enable cities in this state, located on or near the ocean, and embracing within their limits or jurisdiction any beach or ocean front, to open and lay out a public park or place for public resort or recreation, on and along the beach or ocean front of such city, and to purchase or condemn lands, property and property rights therefor, and to preserve the same from obstruction or encroachment."

Counsel for the plaintiff in error lay stress upon the words "beach or ocean front," insisting that the clause excludes land that is always covered by the sea.

The fault of the argument, as we think, is that it regards only the four words just quoted, and excludes from consideration the context. The title applies in terms to all cities in this state' "located on or near the ocean, and embracing within their limits or jurisdiction any beach or ocean front," and expresses a purpose to authorize a park, &c., "on and along the beach or ocean front of such city." The territorial

limits of the municipality must be regarded as entering into the definition of the clause, "beach or ocean front of such city." If such limits extend to the oceanward side of low-water mark, as well as inland, the clause just quoted from the title of the act is as fairly descriptive of the land that lies below as that which lies above.

Of course this legislation was enacted with Atlantic City, as one of the existing seaside cities, in full view. Now the charter of that city (*Pamph. L.* 1854, *p.* 278) extends the territorial limits into the Atlantic ocean "as far as the jurisdiction of said state extends." Therefore when the title of the act of 1894 signified a purpose to authorize the establishment of a public park or place of resort on and along the beach or ocean front of such city, it gave notice of a purpose to fulfill one of the few objects that could be fulfilled by including within the city limits, as the legislature had included, so much of the ocean as is within the jurisdicition of the state.

In our opinion the title of the act of 1894 fairly expresses the object of the enactment.

With respect to the remaining points raised in behalf of the plaintiff in error, we agree with the views expressed in the opinion of Mr. Justice Trenchard.

The judgment under review should be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Swayze, Parker, Bergen, Voorhees, Minturn, Bogert, Vroom, Dill, Congdon, JJ.   12.

*For reversal*—None.